UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RONALD KNUTSON, | No. 2:17-cv-1725 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| M.E. SPEARMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed an original and a first amended complaint. He has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a preliminary injunction or temporary restraining order.

As an initial matter, the court notes that although plaintiff's address of record is currently listed as High Desert State Prison, the Inmate Locator website operated by the California Department of Corrections and Rehabilitation indicates that plaintiff is currently incarcerated at Richard J. Donovan Correctional Facility. The Clerk of the Court will be directed to update the docket accordingly.

I. Application to Proceed In Forma Pauperis

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 12. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned

1

will recommend that the complaint be summarily dismissed.

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Failure to State a Claim

The court has reviewed both plaintiff's original and first amended complaints (ECF Nos. 1, 9), but is unable to identify any cognizable claims in either complaint. The original complaint identifies Warden Spearman, the Department of Army, the Secretary of Labor, and the Office of Management and Budget as defendants, yet makes no allegations against any of these defendants (ECF No. 1), while the first amended complaint names only Warden Spearman and also fails to make any allegations against him (ECF No. 9). In both complaints, plaintiff states that he is bringing his complaint under Section 504 of the Rehabilitation Act (RA) of 1973, yet he provides no facts that would demonstrate that he has a disability or was discriminated against because of his disability. ECF No. 1 at 5; ECF No. 9 at 4-5. Instead, the complaints each set forth a chronology of events that are unrelated to each other[1] or to a claim for violation of the RA, and make references to an unspecified contract to which plaintiff is apparently a party. ECF No. 1; ECF No. 9. Specifically, the complaints discuss events such as the ratification of the Eighteenth and Twenty-Second Amendments to the United States Constitution, the legalization of gambling in Nevada, President George H.W. Bush's response to Iraqi aggression against Kuwait, the murders of Benjamin "Buggsy" Segal and Sam Giacona,[2] and President Nixon's secret war in Cambodia. ECF Nos. 1, 9.

---

[1] It appears that plaintiff believes the events to be interconnected.
[2] Presumably plaintiff is referring to Benjamin "Bugsy" Siegel and Sam Giancana, who were both members of organized crime syndicates.

3

Because the court is unable to identify any cognizable claims in the first amended complaint, even when reviewing it in conjunction with the original complaint, the first amended complaint must be dismissed.[3]  In dismissing a complaint, leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.  Given the fanciful nature of plaintiff's allegations and their failure to implicate any cognizable claims, the undersigned finds that leave to amend would be futile.  The first amended complaint should therefore be dismissed without leave to amend.

IV.   Motion for Temporary Restraining Order or Preliminary Injunction

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose in issuing a temporary restraining order is to preserve the *status quo* pending a fuller hearing.  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of

---

[3] An amended complaint supersedes the original and the first amended complaint is therefore the operative complaint.  However, the court has reviewed both the original and amended complaint in an attempt to identify a cognizable claim or grounds on which to find amendment would not be futile.

preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Plaintiff has requested a temporary restraining order or preliminary injunction "granting him access to his interests in a limited partnership as a Service Provider of Medical Supplies and Equipment to the Government." ECF No. 8 at 1. In light of the recommendation that the complaint be dismissed without leave to amend, plaintiff is unable to demonstrate any likelihood of success on the merits and his motion should be denied.

V. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your complaint should be dismissed without leave to amend because there are not any facts that would support a valid claim for relief and it does not appear that there are any facts that you could add that would state a claim for relief. Because the undersigned is recommending that your complaint be dismissed without leave to amend, it is also being recommended that your motion for temporary restraining order and preliminary injunction be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall randomly assign a United States District Judge to this action.

2. The Clerk of the Court is directed to update plaintiff's address of record to R.J.

Donovan Correctional Facility, 480 Alta Road, San Diego, CA 92179.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 9) be dismissed without leave to amend.

2. Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Due to exigencies in the court's calendar, no extensions of time will be granted.**[4] Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: February 27, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects. There is no need to reproduce his arguments on the issues.

6